UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                                                                       **DECISION AND ORDER**
                                                                       12-CR-45S

v.

JORDAN ALI,

                            Defendant.

## I.    INTRODUCTION

Pending before the Court is a motion (Dkt. No. 40)[1] by defendant Jordan Ali for reconsideration of bail. Defendant's first detention hearing occurred on February 2, 2012, when the parties proceeded by proffer and the Court ordered defendant detained as a flight risk and a danger to the community. In support of reconsideration, defendant has submitted certain sensitive information that he believes warrants release under reasonable conditions. Additionally, defendant has re-submitted information from the first detention hearing regarding community

---

[1] The Court provisionally gave defendant permission to file his motion under seal because some of the information in it was sensitive in nature and appeared intertwined with other non-sensitive information. Defendant has insisted that the motion remain under seal in its entirety, and even requested at oral argument that the courtroom be closed. The Court has decided to balance defendant's concerns against the general presumption in favor of disclosure as follows. Defendant's motion papers will remain under seal, but this Decision and Order will disclose relevant, non-sensitive information as needed. If defendant makes bail or similar motions in the future then he will have to separate sensitive from non-sensitive information and file only the sensitive information under seal.

and family ties to Arizona and New York; a lack of felony convictions or any drug-related convictions in his criminal history; a lack of a substance abuse history; and a lack of bail violations or non-appearances for any of his prior criminal cases. Defendant first proposed release to his mother's residence in Alden, New York under conditions including travel restrictions, a financial bond, and some level of electronic monitoring. Defendant since has proposed his uncle's residence as an alternative.

The Government opposes defendant's motion. The Government contends that defendant's circumstances have not changed since his original detention hearing, and that any sensitive information in defendant's motion papers does not warrant further consideration. To the extent necessary, the Government reiterates its prior arguments about the strength of the evidence against defendant and about defendant's criminal history. The Government also seeks to remind the Court that it rejected defendant's mother's residence at the original detention hearing because some of the alleged offense conduct occurred there.

The United States Probation Office ("USPO") recommends continued detention, citing concerns about the alleged offense conduct, defendant's ties to Western New York, and the allegations concerning the first proposed residence.

The Court held a bail review hearing on June 13, 2012. For the reasons below, the Court denies defendant's motion.

## II. BACKGROUND

This case concerns allegations that defendant helped run a multimillion dollar drug operation that shipped hundreds of pounds of marijuana from Arizona to Western New York and that also dealt in cocaine. On February 1, 2012, the Court signed a pre-indictment complaint (Dkt. No. 1) whose supporting affidavit set forth, *inter alia*, details of numerous mail packages shipped between Arizona and Western New York or planned for shipment. The shipped and planned packages contained hundreds of pounds of marijuana. Defendant allegedly received payment from other defendants in this case to manage shipments and to fly between Arizona and Buffalo to collect payments. In one specific instance, defendant flew to Western New York on January 30, 2012 to collect payment for three specific packages that contained marijuana. Agents became aware of this travel and intercepted defendant at the rendezvous point. When agents searched defendant's vehicle after that arrest, they allegedly found boxes, bubble wrap, packing tape, plastic wrap, and vacuum-seal food bags, all tools that commonly are used to mask the odor of drugs in mail packages. On the basis of the above information plus other details in the supporting papers, the Court found probable cause and signed the complaint.

On February 2, 2012, the day after the issuance of the complaint, the Government filed a two-count indictment against defendant and others. In Count One, the Government asserted that defendant "did knowingly, willfully and

3

unlawfully combine, conspire and agree together and with others, known and unknown, to commit the following offenses, that is, to possess with the intent to distribute, and to distribute, five (5) kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance, and one hundred (100) kilograms or more of a mixture and substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B). All in violation of Title 21, United States Code, Section 846." (Dkt. No. 2 at 1–2.) In Count Two, the Government accused defendant of money laundering in violation of 18 U.S.C. § 1956(h). The indictment also contained a forfeiture allegation in which the Government seeks forfeiture of over $2 million in cash from all of the defendants.

The Court held arraignment and the original detention hearing on February 2, 2012. The parties proceeded by proffer at the detention hearing and addressed various details about the alleged offense conduct, an allegation of illegal weapons possession, and the criminal history as stated in the USPO pretrial services report. With respect to criminal history, the pretrial services report listed a 1998 conviction in Western New York for fifth-degree criminal possession of stolen property, a Class A misdemeanor; two 2006 convictions in Arizona for assault; and a 2011 conviction in Arizona for assault. Based on the statutory presumption in favor of detention and the other available information, the Court found by a preponderance of the evidence that defendant was a flight

risk and by clear and convincing evidence that defendant posed a danger to the community.  The Court ordered defendant detained without prejudice to renew his motion if he could propose a suitable residence and a significant amount of bail.

On May 22, 2012, defendant filed the pending motion for reconsideration of bail.  Aside from certain sensitive information in the motion papers, defendant emphasizes that he is a Western New York native who moved to Arizona only to pursue a business opportunity with one of his brothers.  Defendant denies any substance abuse history and downplays his criminal history as just a "minor 'fighting' history."  (Dkt. No. 40 at 6 ¶ 18.)  The Government opposes the motion on the grounds that the information that defendant presents now was known at the time of the original detention hearing.  To the extent that certain sensitive information might not have been available then, the Government argues that it does not offset the nature of the charges against defendant and his prior criminal history.  The USPO recommends continued detention because of the nature of the charges.  The USPO also notes concerns about defendant's international travel history; the lack of a confirmed, suitable residence; and defendant's criminal history combined with his possession of a shortened semi-automatic weapon, which was not legal to possess.  The USPO notes further that much of the alleged offense conduct occurred over the course of two terms of probation that defendant has had to serve in Arizona.  In fact, the USPO reported at the bail review hearing that probation officials in Arizona would commence formal

5

violation proceedings against defendant based on the alleged offense conduct in this case.

## III. DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing non-appearance or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to non-appearance, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in

6

court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted). So long as courts take some measure to assess the reliability and accuracy of prosecutors' information, "a detention hearing is not to serve as a mini-trial . . . or as a discovery tool for the defendant." *U.S. v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986) (citation omitted); *see also U.S. v. LaFontaine*, 210 F.3d 125, 130–31 (2d Cir. 2000) ("It is well established in this circuit that proffers are permissible both in the bail determination and bail revocation contexts.") (citations omitted).

Once the Court has issued a detention order in the manner set forth above, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly

7

changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, defendant has not presented any information unknown to him previously that would warrant a change in his custody status. The Court previously found defendant to be a danger and a flight risk based on his criminal history; the nature of the pending charges, including the statutory presumption in favor of detention; and the information available in the pretrial services report. Those factors have not changed. "As to the weight of the evidence, the government apparently has numerous informants as well as physical evidence to support its charges. Indeed, [defendant] has made no significant attack on the government's proffered evidence." *U.S. v. Jackson*, 823 F.2d 4, 7 (2d Cir. 1987). Further, the Court rejects defendant's contention at the bail review hearing that he wanted nothing to do with the alleged drug operation, yet signed for controlled deliveries, but only reluctantly and without viewing or opening the packages in question. The Court also has some concern about the occurrence of the alleged offense conduct while defendant was on probation and the violation proceedings that are imminent in Arizona, if they have not begun already. *Cf. U.S. v. Ard*, No. 10-CR-184, 2011 WL 2421222, at *3 (W.D.N.Y. June 13, 2011) (Skretny, *C.J.*)

8

("Defendant's criminal history includes one arrest while under probation supervision and two arrests while released on bail, demonstrating that Defendant is unable to comply with conditions of release."). These violation proceedings would constitute the only new information since the original detention hearing and would add a concern that defendant cannot be supervised.

In short, defendant has given the Court no new and material information that helps his effort to change his custody status. Any sensitive information that defendant has provided under seal does not offset all of the other information available in this case. The Court is content to let its prior detention order stand.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion for reconsideration of bail (Dkt. No. 40). Defendant shall remain in custody pending trial.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, defendant shall be afforded reasonable opportunity for private consultation with counsel. Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver

defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order shall be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

                                          /s Hugh B. Scott
                                    HONORABLE HUGH B. SCOTT
                                    UNITED STATES MAGISTRATE JUDGE

DATED: July 17, 2012